UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KEVIN WILLIAMS, :
    Plaintiff, :
     :
v. : No. 22-cv-0629
     :
KINGS COUNTY DISTRICT :
ATTORNEY'S OFFICE, et al., :
    Defendants. :

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                           **August 22, 2022**
**United States District Judge**

**I.**     **INTRODUCTION**

On July 6, 2021, Plaintiff Kevin Williams filed the instant action against Defendants in the Eastern District of New York. *See* ECF No. 1. On December 16, 2021, the matter was transferred, by Order of the Eastern District of New York, to the Western District of Pennsylvania. Thereafter, the matter was transferred to this Court, the Eastern District of Pennsylvania. Upon receiving this matter, this Court determined that Williams had neither paid the filing fee nor otherwise applied to proceed *in forma pauperis* (IFP). Accordingly, on March 4, 2022, this Court provided Williams with thirty days to either pay the filing fee or apply to proceed IFP. *See* ECF No. 18. Williams responded with a letter, wherein he appeared to believe that his application to proceed IFP in a separate action fulfilled his obligation to seek the same here. *See* ECF No. 19. In an Order dated June 28, 2022, this Court clarified Williams' obligation to apply for IFP or pay the filing fee in this matter and provided him an additional twenty-one days to do so. *See* ECF No. 20. Both Orders warned Williams that failure to pay the fee or apply to proceed IFP would result in dismissal of his action.

As of the date of this Opinion, no filing fee has been paid, and no application for IFP has been received. Williams failed entirely to respond to the Court's Order dated June 28, 2022. Accordingly, after balancing of the *Poulis*[1] factors set forth below, Williams' Complaint is dismissed without prejudice for failure to prosecute.

## II.     LEGAL STANDARD

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. *See Poulis*, 747 F.2d at 870. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868; *see also Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

## III.    ANALYSIS

The first *Poulis* factor weighs in favor of dismissal because, as a pro se litigant, Williams is personally responsible for his actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor weighs in favor of dismissal due to Williams' failure to pay the fee or apply to proceed *in forma pauperis,* because it frustrates and delays the resolution of this case. *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa.

---

[1]     *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction"). Despite the instructions in the Pro Se Guidelines, *see* ECF No. 17, this Court's Order dated March 4, 2022, *see* ECF No. 18, and this Court's Order dated June 28, 2022, *see* ECF No. 20, Williams has failed to pay the fee or otherwise apply to proceed i*n forma pauperis*. Without either action, this case cannot move forward.

As to the third factor, Williams has engaged in a history of dilatoriness. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). Williams' was notified on February 22, 2022 that he was to pay the filing fee or otherwise apply to proceed IFP. *See* ECF No. 17. Despite multiple reminders from the Court, he has failed to comply with his financial obligations for nearly six months.

Regarding the fourth factor, because this Court has no explanation for Williams' dilatoriness, it is unable to determine whether the conduct is in bad faith. This factor is therefore neutral.

Fifth, monetary sanctions are not an appropriate alternative to dismissal because Williams has failed to pay the filing fee or apply to proceed IFP. To the extent that Williams would have filed to proceed IFP, monetary sanctions would be inappropriate. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

The final factor, the merit of the claims at issue, weighs neutrally. From the allegations in Williams' pro se Complaint, it is difficult to tell what claims he intends to bring or whether his

action was timely filed.  Accordingly, there is no way of adjudicating the merits of these claims at this time.  Therefore, this factor is weighed neutrally.

## IV. CONCLUSION

After weighing all the *Poulis* factors, this Court dismisses Williams' Complaint without prejudice for failure to prosecute.  This matter is now closed.

A separate Order follows.

                                              BY THE COURT:

                                              */s/ Joseph F. Leeson, Jr.*
                                              JOSEPH F. LEESON, JR.
                                              United States District Judge